UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK CRETNEY,

    Petitioner,

    v.

FEDERAL BUREAU OF PRISONS,

    Respondent.
_____/

CASE NO. 2:06-CV-15422
CHIEF JUDGE BERNARD A. FRIEDMAN
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Background*

Petitioner Mark Cretney is a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). On June 16, 2004, petitioner was sentenced to a term of 87 months' imprisonment and three years' supervised release following his conviction in this Court for mailing threatening communications, 18 U.S.C. § 876(b). *See* Gov't's Br., Ex. 1. Petitioner's projected release date is October 5, 2010. *See id.*, Ex. 2.

On August 30, 2006, petitioner filed an administrative remedy request with the Warden at FCI-Milan seeking immediate placement in a Residential Reentry Center (RRC), or in the alternative the service of the last 24 months of his sentence in an RRC.[1] The Warden denied the request. *See*

---

[1] An RRC is commonly called a halfway house, and was previously designated by the Bureau of Prisons as a Community Corrections Center (CCC).

1

*id.*, Ex. 3. Petitioner filed an appeal to the regional office. The appeal was denied and petitioner was informed that his request for placement at an RRC would be considered no later than 11-13 months prior to his projected release date. *See id.*, Ex. 4. Petitioner appealed this decision to the central office on December 6, 2006, after he filed this habeas action. As of the time of the parties' briefs, a response to the appeal had not been issued.

On October 19, 2006, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks an order invalidating the BOP's regulations governing RRC placement and directing the BOP to give immediate, individualized consideration to his request for placement pursuant to 18 U.S.C. § 3621(b). The Government filed a response on January 31, 2007. The Government argues that petitioner's claims are not appropriately brought in a habeas corpus action because he does not challenge the legality of his confinement or the duration of his sentence. The Government also argues that petitioner's claims are not ripe and that petitioner failed to exhaust his administrative remedies before filing this action. Petitioner filed a reply on February 13, 2007. For the reasons that follow, the Court should deny the petition.

B.  *Analysis*

Petitioner's habeas application revolves around the conflict between two statutory provisions governing an inmate's place of incarceration. First, 18 U.S.C. § 3621 grants the BOP discretion to designate the prisoner's place of confinement. In exercising this discretion, however, the BOP is directed to consider five specific factors relating to the individual prisoner. *See* 18 U.S.C. § 3621(b). The more specific statute governing release of inmates, however, provides that the BOP "shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions

2

that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." 18 U.S.C. § 3624(c). The BOP, categorically exercising its discretion, has determined that inmates are not eligible for placement in an RRC prior to the greater of the last six months or 10% of the inmate's sentence. *See* 28 C.F.R. §§ 570.20-.21.

Four circuit courts, the only appellate courts to have considered the issues, have concluded that the BOP's regulations conflict with the plain language of § 3621(b) and are therefore invalid. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1166-68 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 87 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. Federal Bur. of Prisons*, 432 F.3d 235, 237 (3d Cir. 2005). The resolution of this issue, however, is not as uniform as this authority would make it seem. Each decision striking down the BOP's regulations was accompanied by a dissent, *see Wedelstedt*, 477 F.3d at 1169-71 (Hartz, J., dissenting); *Levine*, 455 F.3d at 87-91 (Raggi, J., dissenting); *Fults*, 442 F.3d at 1093 (Riley, J., dissenting); *Woodall*, 432 F.3d at 251-52 (Fuentes, J., dissenting), and those decisions have been rejected by other district courts, *see, e.g.*, *Coviello v. Winn*, 477 F. Supp. 2d 301, 305-06 (D. Mass. 2006).

The Court, however, need not weigh in on this issue, as petitioner's habeas application is premature in any event. Under the BOP's internal operating manual, the BOP considers RRC placement as part of a pre-release program, and evaluates an inmate's suitability for placement in an RRC sometime between 11 and 13 months before the expiration of the sentence. Every court to have considered the issues has concluded that the BOP has no initial or continuing duty to evaluate a prisoner's suitability for RRC placement, and has upheld the BOP's determination to conduct such reviews in the last 11 to 13 months of the sentence. This unanimous opinion on the matter includes both judges of this Court, *see Ortiz v. Eichenlaub*, No. 2:07-CV-13525, 2007 WL 2572014, at *1

(E.D. Mich. Sept. 5, 2007) (Taylor, J.); *Hanna v. Eichenlaub*, No. 5:07-CV-13549, 2007 WL 13549, at *1 (E.D. Mich. Aug. 31, 2007) (O'Meara, J.), and courts bound by the decisions of those circuit courts that have struck down the BOP's regulations, *see Swarzentruber v. Holinka*, No. 06-4928, 2007 WL 3237637, at *2 (D. Minn. Oct. 30, 2007); *Rodriguez-Calderon v. Lindsay*, No. 3:05-CV-2640, 2007 WL 2756878, at *2 (M.D. Pa. Sept. 20, 2007); *United States v. Jimerson*, No. CR 06-40039, 2007 WL 2684883, at *1 (D.S.D. Sept. 7, 2007); *Lewis v. Whitehead*, 470 F. Supp. 2d 1043, 1049 (D.S.D. 2007); *Allen v. Federal Bur. of Prisons*, No. 05-4502, 2006 WL 20527, at *3 (D.N.J. Jan. 3, 2006).

In light of this unanimous authority, it is clear that petitioner's challenge to the BOP's determination–or more accurately its non-determination–of his eligibility for RRC placement is premature. Petitioner's eligibility will be determined when he has 11-13 months remaining on his sentence, and the law entitles petitioner to nothing more. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

C. *Conclusion*

In view of the foregoing, the Court should deny petitioner's application for the writ of habeas corpus.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

4

1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 11/19/07

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on November 19, 2007.

s/Eddrey Butts
Case Manager